IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| In re: | CASE NO. 08-80197 |
| Ray Roberson, | |
|    Debtor(s) | CHAPTER 13 |

| | |
|---|---|
| Ray Roberson, | **Adversary Proceeding no.:**_____ |
|    **Plaintiff** | |
| v. | |
| Countrywide Home Loans, Inc., | |
|    **Defendant.** | |

**Complaint Seeking Damages in Core Adversary Proceeding for Improper Fees**

**Introduction**

    1.    This is an action for actual and punitive damages filed by the debtors pursuant to Sections 105, 362, 501, 502, 503 and 506 of the Bankruptcy Code, and Rules 2016 and 9011 of the Bankruptcy Rules, the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. (hereinafter referred to as "FDCPA"), common law claims of negligence, wantonness and wrongful foreclosure. Further, the debtor seeks to have the foreclosure deed filed by Countrywide on the plaintiff's home declared null and void for wrongfully foreclosing on the debtor's property without the proper standing to do such.

    2.    This action is also filed to enforce the Order of Confirmation duly entered in this Chapter 13 case and to enforce and to implement other Bankruptcy Code provisions and Rules related thereto.

**Jurisdiction and Venue**

    3.    Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is

related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtor in that case.

4. This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

5. This Court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

6. This Court also has jurisdiction to hear the Fair Debt Collection Practices Act violations pursuant to Section 1692 of Title 15 of the United States Code; thus, federal subject matter jurisdiction is properly founded upon Section 1331 of Title 28 of the United States Code.

7. This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

8. Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**Parties**

9. The Plaintiff in this case is a debtor under Chapter 13 of Title 11 of the United States Code in case number **08-80197**, which case is presently pending before this court. The Plaintiff Ray Roberson is hereinafter referred to as the Plaintiff or the debtor.

10. The Defendant, Countrywide, does business in the name of Countrywide Home Loans, Inc., and is a national bank which is also engaged in the business of real estate mortgage servicing with its principal place of business located at Mail Stop CH-11, 4500 Park Granada Blvd., Calabasas, CA, 91302. Countrywide's registered agent for the State of Alabama is Prentice Hall Corporation System, Inc., 150 S. Perry Street, Montgomery, AL 36104.

**Statement of the Facts**

11. Countrywide sent a letter to plaintiff on or about December 28, 2007, denying the plaintiff's request for assistance from Countrywide in paying his mortgage due to a hardship suffered by plaintiff.

12. Said letter threatened the plaintiff with foreclosure on his home.

13. On January 11, 2008, Countrywide conducted a foreclosure sale of plaintiff's home and recorded a foreclosure deed in the Probate Court of Lee County,

Alabama on that same date.

14. By Countrywide's own admission, the original recorded mortgage was between plaintiff and America's Wholesale Lender, which said mortgage was recorded in the Office of the Judge of Probate of Lee County, in Book 3149, Page 57.

15. This mortgage was then transferred to Countrywide by instrument recorded in Book 3525, Page 367.

16. However, at the time that Countrywide instituted the foreclosure proceeding against the plaintiff, the transfer from America's Wholesale Lender was not complete and the aforementioned transfer "instrument" had not been properly recorded in the Office of the Judge of Probate of Lee County, Alabama.

17. When Countrywide instituted the foreclosure proceeding, Countrywide lacked legal standing to foreclose under law and conducted its proceedings in violation of law.

### First Claim for Relief
### (Violation of the FDCPA)

18. The allegations in paragraphs 1 through 17 of this complaint are realleged and incorporated herein by this reference.

19. The Plaintiff alleges that the defendant violated the FDCPA. Defendant's violations include but are not limited to engaging in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Defendant demanded an amount due from Plaintiff which was inaccurate and inflated, and in violation of any contract between the parties. The defendant furthermore took an action that could not be legally taken. As such, Defendant violated Sections 1692c(a)(2), 1692d, 1692e(2), 1692f, 1692f(1), 1692f(6) of the FDCPA.

20. As a result of the above violations of the FDCPA, the Defendant is liable to the Plaintiff for actual damages, statutory damages of $1,000.00, and, upon a proper evidentiary showing punitive damages and attorney's fees.

### Second Claim for Relief
### (Negligence)

21. The plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

22. The defendant negligently forclosed upon the debtor's property.

23. As a direct result of the defendant's negligence, the debtor was injured and

harmed.

24. As a result thereof, the defendant is liable for all natural, proximate and consequential damages due to its negligence.

### Third Claim for Relief
### (Wantonness)

25. The plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

26. The defendant, with reckless indifference to the consequences, consciously and intentionally foreclosed on the plaintiffs' property with the knowledge that it was not the holder of the mortgage when it instituted the forclosure proceeding.

27. These actions were taken with reckless indifference to the consequences, consciously and intentionally in an effort to increase profits for the defendant.

28. As a result thereof, the defendant is liable for all natural, proximate and consequential damages due to its wantonness as well as punitive damages upon a proper evidentiary showing.

### Fourth Claim for Relief
### (Wrongful Foreclosure)

29. The plaintiff realleges all prior paragraphs of the pleading as if set out here in full.

30. The defendant initiated and completed a foreclosure proceeding against the debtor plaintiff in violation of law.

31. The initiation of the foreclosure proceeding by this defendant, without being the actual holder of the mortgage, was either negligent or wanton, depending upon the evidence presented at trial.

32. As a result thereof, the defendant is liable for all natural, proximate and consequential damages due to its actions including an award of punitive damages upon a proper evidentiary showing.

### Fifth Claim for Relief
### (Lack of Standing to Foreclose)

33. The plaintiff realleges all prior paragraphs of the pleadings as if set out here in

full.

34. The defendant, at the time of instituting the foreclosure proceeding, had not been legally transferred ownership of the aforementioned mortgage on the plaintiff's property.

35. As such, the defendant lacked the proper standing to have begun, much less completed the foreclosure proceeding.

36. The defendant did such with the knowledge it lacked standing and foreclosed recklessly, negligently or wantonly on the plaintiff's property, depending on proof adduced at trial.

37. These actions were taken with reckless indifference to the consequences, consciously and intentionally in an effort to increase profits for the defendant.

38. As a result thereof, the defendant is liable for all natural, proximate and consequential damages due to its actions including an award of punitive damages upon a proper evidentiary showing.

**WHEREFORE,** the Plaintiff having set forth his claims for relief against the Defendant respectfully pray of the Court as follows:

A. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of actual damages;

B. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages;

C. That the Plaintiff have and recover against the Defendant a sum to be determined by the Court in the form of punitive damages;

D. That the Plaintiff have and recover against the Defendant all reasonable legal fees and expenses incurred by their attorney;

E. That this Court order Defendant to pay additional damages in a sum to be determined by the Court for their negligence, wantonness and wrongful foreclosure.;

F. That this Court order Defendant to pay additional actual damages and statutory damages in a sum to be determined by the Court for violating the FDCPA pursuant to 15 U.S.C. Section 1692 et seq.;

G. That the foreclosure deed filed in the Office of the Judge of Probate of Lee County, Alabama by the defendant be declared null and void; and

H.  That the Plaintiff have such other and further relief as the Court may deem just and proper.

Date this the 25th day of March 2008.

        /s/ *Nick Wooten*
        Nick Wooten
        Attorney for the Plaintiff

**OF COUNSEL:**

Wooten Law Firm, P.C.
P.O. Box 290
10 Second Avenue S.E.
LaFayette, AL  36862
Tel:    (334) 864-2132
Fax:    (334) 864-2133
n.wooten@mindspring.com

Charles M. Ingrum, Jr.
Ingrum, Rice & Parr
P.O. Box 229
Opelika, Al. 36803

**CERTIFICATE OF SERVICE**

    I hereby certify that I have prepared a summons for each defendant(s) in this case and that this AP has been served upon the defendant(s) by service to their registered agent for service of process.

        /s/ *Nick Wooten*
        OF COUNSEL